Kim KILLPATRICK; Jacques Howard, Plaintiffs,

and

Rita Killpatrick, individually; Jason Killpatrick, minor; Angel Minnoy, minor; Holly Minnoy, minor; Joy Minnoy, minor, by and through their Guardian Ad Litem, Rita Killpatrick, Plaintiffs–Appellees,

v.

CITY OF LOS ANGELES; Bernard Parks; Allen, Officer; Masterson, Officer; Chairez, Officer; Aranda, Officer; Lanigan, Officer; Nguyen, Detective, Defendants,

and

James Carroll, Officer; Michael Saghera, Officer, Defendants–Appellants.

No. 05–55655.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 9, 2007.

Filed April 13, 2007.

Vicki I. Sarmiento, Alhambra, CA, for Plaintiffs.

Amy Jo Field, Esq., for Defendants.

Before: B. FLETCHER and McKEOWN, Circuit Judges, and WHYTE *, District Judge.

### MEMORANDUM **

Defendants–Appellants, Los Angeles Police Department officers Michael Saghera and James Carroll, bring this interlocutory appeal from the denial of their motion for summary judgment based on qualified immunity. We dismiss for lack of jurisdiction.

The officers contend that the summary judgment record contained insufficient evidence to raise a genuine issue for trial. They also contend that the alleged misrepresentations were immaterial to the decision made by their superior officer, Sergeant Rakitis, to call for Special Weapons and Tactics (S.W.A.T.) involvement.

The parties are familiar with the facts, which are discussed herein only as necessary.

### I. Genuine issue for trial

As the officers concede in their supplemental brief, the sufficiency of the evidence supporting a denial of summary judgment cannot be appealed on an interlocutory basis, even when the basis for the motion for summary judgment is qualified immunity. *Johnson v. Jones*, 515 U.S. 304, 307, 313, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995); *see also Collins v. Jordan*, 110 F.3d 1363, 1375, 1379 (9th Cir.1997).

### II. Materiality

Saghera and Carroll argue that this court has jurisdiction to consider whether

Saghera's alleged misrepresentations were material to Sergeant Rakitis's decision to call for S.W.A.T. involvement. They contend that this is an abstract issue of law. We disagree.

Whether Rakitis relied on Saghera's alleged misrepresentations is a matter of fact for the jury to decide. *See United States v. Gaudin*, 515 U.S. 506, 512, 115 S.Ct. 2310, 132 L.Ed.2d 444 (1995). In his deposition testimony, Rakitis indicated that he relied at least in part on Saghera's characterization of Kim Killpatrick's actions in determining the existence of a hostage/barricaded situation. The extent to which Rakitis's reliance influenced his decision to call for S.W.A.T. involvement, which led to the subsequent alleged violations of plaintiffs' constitutional rights, is a matter for the trier of fact, over which we lack jurisdiction on this interlocutory appeal. *See Johnson*, 515 U.S. at 307, 115 S.Ct. 2151; *Collins*, 110 F.3d at 1379.

**DISMISSED.**

---

* The Honorable Ronald M. Whyte, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.